UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-3595 PSG (FFMx) | Date | July 26, 2016 |
|---|---|---|---|
| Title | A.M. v. Valve Corporation, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendant's Motion to Transfer

Before the Court is Defendant Valve Corporation's ("Defendant") motion to transfer. *See* Dkt. # 15. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing, and reply papers, the Court GRANTS Defendant's motion to transfer.

I.   Background

Defendant is a video game distributor incorporated in Washington with its headquarters and operations in Bellevue, Washington. *Mot.* 2. Defendant hired Plaintiff in 2008 to translate digital content into Spanish and Italian and to serve as a liaison with members of Defendant's gaming community in Spain, Italy, and other countries. *Id.* Plaintiff worked full-time in Defendant's Washington office from November, 2008 until February, 2012. *Id.* Plaintiff decided to undergo gender transition in 2011. *Id.* She informed Defendant that she wanted to relocate to Los Angeles, California, where her doctors and support network were located. *Id.*; *Opp.* 2. Defendant informed Plaintiff that it did not have operations or facilities in California, but that it would accommodate Plaintiff's request to relocate and would engage Plaintiff on an independent contractor basis to allow her to continue providing services to Defendant after her relocation to Los Angeles. *Mot.* 2.

In February, 2012, Plaintiff and Defendant signed an Independent Contractor Agreement (the "Agreement") under which Plaintiff agreed to provide Defendant with certain services from California. *Id.* at 3; Dkt. # 15-2, *Declaration of Dina Nelson* ["Nelson Decl."] ¶ 6, Ex. A ["Agreement"]. Before signing the Agreement, Plaintiff informed Defendant's human resources manager that she was going to have her attorney and tax advisor review the Agreement. *Nelson Decl.* ¶ 5. Plaintiff signed the Agreement on February 10, 2012. *Id.* The Agreement contains a forum-selection clause that states:

Case 2:16-cv-03595-PSG-FFM Document 26 Filed 07/26/16 Page 2 of 6 Page ID #:119

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-3595 PSG (FFMx) | Date | July 26, 2016 |
|---|---|---|---|
| Title | A.M. v. Valve Corporation, *et al.* | | |

Contractor hereby consents to jurisdiction and venue in the state or federal courts sitting in King County, Washington, and waives any argument of forum non conveniens in connection therewith."

*Agreement* ¶ 14. The Agreement also provides that it is governed by the laws of the State of Washington. *Id.*

Plaintiff provided services to Defendant under the Agreement for approximately four years until she was terminated in January, 2016. *Mot.* 3; Dkt. # 1, Ex. A ("Compl.") ¶ 10. Plaintiff alleges that shortly before she was fired, she complained to a human resources manager about Defendant's practice of using people interested in their products to provide translation services for free. *Id.* ¶ 9. Specifically, Plaintiff complained that her supervisor exploited and lured minors into working for Defendant on the false promise that their work would lead to a paid position. *Id.* Plaintiff alleges that she complained because she felt sorry for the exploited minors. *Id.* Within days of her making a written complaint about her hostile work environment, Plaintiff was terminated. *Id.* ¶ 10. Defendant told Plaintiff that it was relocating her job to Washington, but, Plaintiff alleges, refused Plaintiff's offer to relocate back to Washington. *Id.* Plaintiff claims that she was actually terminated for complaining about the hostile work environment and allegedly illegal business practices and because of her trans-gender status. *Id.* ¶ 11.

In April, 2016, Plaintiff filed a complaint against Defendant in Los Angeles Superior Court asserting claims for wrongful termination, discrimination, failure to accommodate or engage in the interactive process under California's Fair Employment and Housing Act ("FEHA"), hostile work environment, retaliation, unpaid wages under California Labor Code § 510, violation of Cal. Bus & Prof. Code § 17200, *et seq.*, and misclassification under California Labor Code § 226.8. *See Compl.* Defendant removed the action to this Court on May 24, 2016 on the basis of diversity jurisdiction. *See* Dkt. # 1. Defendant now moves for an order transferring this action to the Western District of Washington pursuant to 28 U.S.C. § 1404(a). Dkt. # 15 ("Mot.").

II.     Legal Standard

Under 28 U.S.C. § 1404(a), a district court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a). . . .provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S.Ct. 568, 579 (2013). "The prevailing rule is. . . .that where venue is specified with mandatory language the clause will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-3595 PSG (FFMx) | Date | July 26, 2016 |
|---|---|---|---|
| Title | A.M. v. Valve Corporation, *et al.* | | |

enforced." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (citations omitted). "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *N. Cal. District Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). However, "[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd.*, 875 F.2d at 764.

A district court considering a § 1404(a) motion in the absence of a mandatory forum selection clause "must evaluate both the convenience of the parties and the various public-interest considerations. . . .and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Atl. Marine Const. Co., Inc.*, 134 S.Ct. at 581 (internal quotations omitted); 28 U.S.C. § 1404(a). As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), the court should weigh multiple factors in addition to the convenience of witnesses and the interests of justice, including the following factors derived from the *forum non conveniens* context:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99.

The burden is on the moving party to show that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1155 (S.D. Cal. 2005). However, the district court has broad discretion in deciding a motion to transfer venue because the analysis involved is "flexible and individualized." *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (noting that Congress intended for district courts to have discretion to transfer upon a lesser showing of inconvenience than that required for *forum non conveniens*). "[P]ermissive clauses—while not controlling—may be weighed as a 'significant factor' favoring a transfer under § 1404(a)." *Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc.*, 99 F.Supp.3d 1110, 1167 (C.D. Cal. 2015) (quoting *Jones*, 211 F.3d at 498-99).

Case 2:16-cv-03595-PSG-FFM   Document 26   Filed 07/26/16   Page 4 of 6   Page ID #:121

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-3595 PSG (FFMx) | Date | July 26, 2016 |
|---|---|---|---|
| Title | A.M. v. Valve Corporation, *et al.* | | |

III. Discussion

Defendant argues that transfer is warranted because this is not an "exceptional case" that can justify the Court's refusal to enforce the forum selection clause. *See Mot.* 1. However, the Court is only obligated to enforce mandatory forum selection clauses. Although the Agreement states that the parties "consent to jurisdiction and venue" in King County, Washington, there is no language clearly designating Washington as the *exclusive* forum for disputes arising in connection with the agreement. *See N. Cal. District Council of Laborers*, 69 F.3d at 1037. As such, the parties' Agreement contains a merely permissive forum selection clause. *Compare Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (holding that a forum selection clause which read: "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or interpretation of this contract" did not confer exclusive and mandatory jurisdiction on the Orange County Superior Court) *with Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 280 (9th Cir. 1984) (holding that an agreement which read: "this Agreement shall be litigated only in the Superior Court for Los Angeles (and in no other)" was a mandatory forum selection clause). Plaintiff's consent to jurisdiction and venue in Washington is a "significant factor" weighing in favor of transfer, but the Court will still evaluate the rest of the *forum non conveniens* factors to determine whether transfer is appropriate, taking into consideration the convenience of the parties and the interests of justice. *See Jones*, 211 F.3d at 498-99; 28 U.S.C. § 1404(a).

The first *forum non conveniens* factor weighs in favor of transfer because the parties negotiated and executed the Agreement in Washington, before Plaintiff moved to California. *See Nelson Decl.* ¶ 5. Plaintiff contends that this factor actually weighs in her favor because the Agreement "was entered with the express understanding that Plaintiff was going to perform the services in California," *Opp.* 6, but this factor assesses where the Agreement was negotiated and executed, not where the services it covers are to be performed. *See Jones*, 211 F.3d at 498-99.

The second factor appears less straightforward because the parties dispute whether California or Washington law should control. Although Plaintiff asserts several claims under the California Labor Code, the parties' Agreement states: "This Agreement shall be governed by the laws of the State of Washington without regard to its choice of law provisions." *Agreement* ¶ 14. Plaintiff argues that to the extent it seeks to limit Plaintiff's ability to pursue statutory remedies under California's Labor Code, the choice of law clause is invalid. *Opp.* 6; *Verdugo v. Alliantgroup, L.P.*, Cal.App.4th 141, 154 (2015) (refusing to enforce forum selection clause absent a showing that enforcement would not diminish un-waivable rights under the California Labor Code). Defendant insists that the provision is valid because Washington labor laws provide identical protections to aggrieved employees. *Reply* 4. Regardless of how the court who eventually hears this case rules with respect to the issue of which state's laws to apply to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-3595 PSG (FFMx) | Date | July 26, 2016 |
|---|---|---|---|
| Title | A.M. v. Valve Corporation, *et al.* | | |

Plaintiff's labor claims, this factor does not weigh strongly either way because either district court is "fully capable of deciding issues arising under. . . .[either state's] law." *Metz v. US. Life Ins. Co. in the City of N.Y.*, 674 F.Supp.2d 1141, 1148 (C.D. Cal. 2009).

      The third law weighs in favor of denying Defendant's motion because Plaintiff chose California to litigate her claims. However, the fourth factor weighs in favor of transfer. Defendant is incorporated and based in Washington, where all of its executive and managerial functions take place. *Nelson Decl.* ¶ 2. Plaintiff also has contacts in Washington, where she used to live and work and where her relationship with Defendant began. *See Compl.* ¶ 6. In contrast, Defendant lacks any apparent contacts with California, let alone those related to the Plaintiff's cause of action. *Nelson Decl.* ¶ 4. Defendant's only contact with California related to Plaintiff's cause of action is the fact that Defendant permitted Plaintiff to work remotely from California to accommodate her own personal situation. For that reason, the fifth factor also weighs in favor of transfer.

      Plaintiff argues that the sixth factor weighs against transfer because it will be less expensive for her, personally, to litigate in California. *See Opp.* However, Plaintiff's claims are related to the fact that while she was living in Los Angeles, she complained to Defendant's human resources office in Washington about a supervisor located in Washington, alleging unfair treatment of translators also managed by individuals in Washington (and not alleged to work in California). *See generally Compl.*; *Opp.* 3. Plaintiff was terminated by Valve's human resources manager in Washington. Plaintiff complains about her classification under the Agreement she signed in Washington and does not contest that all of Defendant's decision-makers live and work in Washington. Because most of the witnesses and evidence are likely to be based in Washington, it appears that it would be less expensive on a whole for the case to be heard by a court in the state where most of the witnesses and evidence are located. *See Alcatel Lucent USA, Inc.*, CV09-2140 PSG (JCx), 2010 WL 883831, at *10 (C.D. Cal. Mar. 5, 2010) (transferring case where the fact that seven of eight non-party witnesses lived closer to Indianapolis than California "suggest[ed] that transfer would be more convenient. . . .in terms of time and expense").

      Lastly, the seventh factor is neutral because either the District Court for the Western District of Washington or this Court could compel non-party witnesses under Federal Rule of Civil Procedure 45. For the reasons already mentioned, the majority of those witnesses are more likely to be located within 100 miles of Seattle, rather than California. Although Plaintiff argues that many of her doctors are located in California, *Opp.* 7, Plaintiff does not suggest that her doctors could or would testify regarding Defendant's liability on any of its claims. At best, Plaintiff's doctors would testify regarding her emotional suffering and damages. To the extent that Plaintiff's doctors are located outside of the 100-mile area, however, Plaintiff does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-3595 PSG (FFMx) | Date | July 26, 2016 |
|---|---|---|---|
| Title | A.M. v. Valve Corporation, *et al.* | | |

indicate that her doctors would be unwilling to travel, such that compulsory process would be necessary. Lastly, for reasons already stated, the sources of proof in this case appear to be exclusively based in Washington. For that reason, the eighth factor also weighs in favor of transfer.

In sum, the only factor that weighs against transfer is Plaintiff's choice of forum. Because the factors overwhelmingly weigh in favor of transfer and Plaintiff agreed to venue in Washington, the Court finds it appropriate to transfer this action to the Western District of Washington under 28 U.S.C. 1404(a).

IV.    Conclusion

For the foregoing reasons, Defendant's motion to transfer is GRANTED. This action is TRANSFERRED to the Western District of Washington.

**IT IS SO ORDERED.**